

**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: <br> ROBERT EDWARD ZUCKERMAN, <br>         Debtor. | BAP No. CC-20-1186-TLG <br><br> Bk. No. 1:18-bk-11150-VK |
| ROBERT EDWARD ZUCKERMAN, <br>         Appellant, <br> v. <br> RICHARD ABEL, <br>         Appellee. | Adv. No. 1:18-ap-01086-VK <br><br> **MEMORANDUM**[*] |

Appeal from the United States Bankruptcy Court
for the Central District of California
Victoria S. Kaufman, Bankruptcy Judge, Presiding

Before: TAYLOR, LAFFERTY, and GAN, Bankruptcy Judges.

## INTRODUCTION

Debtor Robert Edward Zuckerman appeals a second nondischargeability judgment against him based on the issue preclusive effect of a state court judgment for fraud. We have already addressed Mr. Zuckerman's arguments and held in a published opinion that the state

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

court judgment was nondischargeable under § 523(a)(2)(A).[1] We see no error that compels a different result here. Accordingly, we AFFIRM.

**FACTS[2]**

## A.    Prepetition events

Mr. Zuckerman and others obtained loans from investors in a Malibu development project, including appellee Richard Abel, based on greatly inflated land values and other misrepresentations. They made no payments on the loans and never constructed anything. The investors, including Mr. Abel (collectively, the "Plaintiffs"), sued Mr. Zuckerman and others in California state court (the "State Court Action") for fraud, elder abuse, and conspiracy to defraud.

Mr. Zuckerman and his attorney, Raul Garcia, answered the complaint and filed a cross-complaint but were otherwise largely absent from most of the seven-year litigation. The state court sanctioned Mr. Zuckerman for noncompliance with discovery requests, which included an order (the "Admissions Order") that deemed certain facts admitted by Mr. Zuckerman, including that he engaged in "fraud intentional misrepresentation," "fraud - concealment," "fraud - promise

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure.

[2] We previously laid out the background facts of this case in *Zuckerman v. Crigler (In re Zuckerman)*, 613 B.R. 707 (9th Cir. BAP 2020). We repeat certain relevant facts herein but otherwise incorporate the statement of facts from our previous decision.

2

without intent to perform," and "a conspiracy to defraud" as alleged in the then-operative complaint.

The state court held two trials in 2014 and 2015 where Mr. Zuckerman and Mr. Garcia did not appear. Both trials resulted in multimillion-dollar judgments against the defendants that the state court later vacated.

At a third trial in 2016, solely against Mr. Zuckerman, Mr. Zuckerman again failed to appear, despite being served with notices to appear in lieu of subpoena. Mr. Garcia appeared on behalf of Mr. Zuckerman and unsuccessfully sought to again delay trial.

When it became clear that the trial would go forward, he moved to withdraw as counsel, stating that he was not ready to proceed. The court denied the motion, and Mr. Garcia stated that "[s]trategically our plan was not to proceed with the trial . . . ." After verifying that he would not be arrested, he exited the courtroom.

The state court then held a trial in absentia under California Code of Civil Procedure ("CCP") § 594, which included witness testimony and admitted documentary evidence: the court ruled on Mr. Abel's motions in limine; Mr. Abel offered his direct testimony; the court took judicial notice of the Admissions Order and certain orders and pleadings; and the court admitted Mr. Abel's exhibits into evidence.

The state court entered judgment against Mr. Zuckerman (the "State Court Judgment") awarding the Plaintiffs over $15 million. The court noted

Mr. Zuckerman's deemed admissions and the presentation of evidence at trial. It rendered judgment against Mr. Zuckerman, "who engaged in a joint venture to intentionally, purposefully and maliciously defraud each of the plaintiffs in this matter finding damages under the plaintiffs' third amended complaint's causes of action for intentional misrepresentation, concealment, promise without intent to perform and elder abuse . . . ." The State Court Judgment included specific findings relating to the fraud:

> The court finds that Robert E. Zuckerman fraudulently obtained $6,435,000.00 in loans from plaintiffs . . . with no intent whatsoever to use the money in the Malibu land development project as Robert E. Zuckerman represented in writing.

> The court finds that no part of plaintiffs' collective $6,435,000.00 loan was ever used in any manner for this Malibu land development project. . . . Defendant, Robert E. Zuckerman made no payments to plaintiffs whatsoever on the $6,435,000 collective loans.

> The court further finds that Robert E. Zuckerman . . . based upon the evidence presented, was the central figure in charge of this fraudulent land development scheme . . . that severely damaged the plaintiffs herein . . . .

Mr. Zuckerman filed an appeal of the State Court Judgment, which was dismissed for failure to file required documents.

## B.    Bankruptcy events

About a year later, Mr. Zuckerman initiated a chapter 11 case, which was converted to the underlying chapter 7 case.

4

### 1. The Albini Plaintiffs' adversary proceeding and appeal

A number of the Plaintiffs (excluding Mr. Abel), referred to herein as the "Albini Plaintiffs," filed an adversary complaint to except from discharge the State Court Judgment debt pursuant to § 523(a)(2)(A). They moved for summary judgment, arguing that the State Court Judgment should be afforded issue preclusive effect and that they were entitled to judgment as a matter of law. Mr. Zuckerman opposed the motion.

The bankruptcy court examined each element of issue preclusion and granted the Albini Plaintiffs summary judgment ("Albini Order"). The bankruptcy court stated that there was no dispute that the State Court Judgment was final and on the merits and that the parties were in privity with the parties in the State Court Action. It held that the issues were identical because "the elements of fraud under § 523(a)(2)(A) mirror the elements of fraud under California law" and that the state court found that Mr. Zuckerman was liable for fraud. It also held that the issues were actually litigated and necessarily decided in the State Court Action.

Finally, the bankruptcy court held that public policy did not prohibit the application of issue preclusion but in fact encouraged its application. It noted that Mr. Zuckerman was aware of Mr. Garcia's trial strategy, but even if he was not, he chose not to appear.

Mr. Zuckerman appealed the Albini Order to this Panel. We affirmed in a published opinion ("*Zuckerman I* Opinion"), holding that the bankruptcy court correctly applied issue preclusion.

First, we stated that there was an identity of issues: "Mirroring one another, an actual fraud finding satisfies the 'identical issue' criteria for issue preclusion in a § 523(a)(2)(A) action. In this case, there is an 'identity of the issues' because the [State Court] Judgment explicitly provides that Mr. Zuckerman is liable for fraud." *In re Zuckerman*, 613 B.R. at 714 (footnote and citation omitted). We rejected Mr. Zuckerman's argument that the state court's finding of general fraud was insufficient to establish fraud under § 523(a)(2)(A), stating that the "[State Court] Judgment is against him alone, makes clear that he was the sole defendant at the time of trial, and finds that he was 'the central figure in charge' of the fraudulent scheme. Moreover, . . . the Judgment does include findings relating to his fraudulent misrepresentations to Plaintiffs." *Id.* at 715. We were also unpersuaded by his argument that the Albini Plaintiffs did not allege and argue specific elements of the fraud claim. *Id.*

Second, we held that the issues were "actually litigated." The state court held a trial in absentia because Mr. Garcia walked out of court and Mr. Zuckerman did not appear for trial; it did not adjudicate the case as a default. *Id.* at 716. Additionally, it was not improper for the state court to rely on the deemed admissions, because California law permits judgments based on admitted conclusions of law, and Mr. Zuckerman selectively participated in the State Court Action. *Id.* at 717-18.

Third, we held that the issues were necessarily decided. We stated that "[t]he [State Court] Judgment provides at several places that

6

Mr. Zuckerman is liable for fraud and awarded punitive damages. The Judgment 'necessarily included a determination of all of the facts required for actual fraud under California law.'" *Id.* at 718 (citation omitted).

Finally, we held that the application of issue preclusion did not contravene public policy, despite Mr. Garcia's "abandonment." We noted Mr. Zuckerman's previous delay tactics and stated that "the record suggests that Mr. Zuckerman was aware of Mr. Garcia's strategy at trial (*i.e.*, to move for a case stay or dismissal) and chose to gamble that Mr. Garcia would prevail, obviating his obligation to attend trial. But he lost that bet." *Id.* at 719. We concluded that the application of issue preclusion "preserved the integrity of the judicial system and did not violate Mr. Zuckerman's due process rights." *Id.*

Mr. Zuckerman sought a rehearing, but we denied that request.[3] He

---

[3] Among other things, Mr. Zuckerman took exception to the Panel's alleged "factual finding" that he acted to frustrate the State Court Action and argued that there was no evidence of delay in the record on appeal. We flatly rejected this argument:

> The record . . . included abundant evidence of appellant's strategic absence from state court proceedings and discovery abuse beyond these orders. For example, the state court judgment states that "[t]he court . . . takes judicial notice of the numerous discovery motions by plaintiffs against defendant Robert E. Zuckerman who repeatedly engaged in discovery abuse and steadfastly refused to provide plaintiffs with documentation regarding where their $6,435,000.00 collective loan went." Appellees' counsel further referenced the "numerous sanction orders" against appellant; appellant's "disrespect to the Court and the judiciary system" in failing to comply with discovery; and "discovery wars after discovery wars against [appellant]." The state court agreed that there was "no dispute there's been a pattern of delays" and believed that appellant's

7

appealed the *Zuckerman I* Opinion to the Ninth Circuit, where it is pending.

**2.  Mr. Abel's adversary proceeding and motion for summary judgment**

Mr. Abel filed an adversary complaint that raised the same issues as did the Albini Plaintiffs. In relevant part, he asserted that the State Court Judgment debt was nondischargeable under § 523(a)(2)(A) and (B).

Mr. Abel filed a motion for summary judgment ("Motion for Summary Judgment"), asserting that the bankruptcy court should afford the State Court Judgment issue preclusive effect as to his § 523(a)(2) claims. He reiterated the state court's findings of fraud and argued that there was no triable issue of material fact as to the "four corners" of the State Court Judgment. He urged the bankruptcy court to give full faith and credit to the State Court Judgment.

In response, Mr. Zuckerman argued that Mr. Abel failed to satisfy his burden of production. He also contended that genuine disputes of material fact precluded the application of issue preclusion because the state court decided the case "without any adjudication of the facts or evidence." He argued that the deemed admissions did not establish any facts, and there was no evidence that he personally engaged in any of the fraudulent acts. He also argued that Mr. Garcia left him "defenseless" at trial.

Mr. Zuckerman further contended that "actual fraud" was not

---

attorney's absence from the trial was "just part of that."
Dkt. no. 39 in BAP case no. CC-19-1200-TFS at 2-3.

actually litigated and conclusively decided in the State Court Action. He again pointed to Mr. Garcia's "abandonment" and contended that identical "fraud" issues were not before the bankruptcy court. He argued that Mr. Abel had not provided the bankruptcy court with an adequate record.

He then argued that the trial in absentia deprived him of due process. Finally, he filed a separate objection to portions of Mr. Abel's declaration to the Motion for Summary Judgment.

After a hearing, the bankruptcy court issued its order granting the Motion for Summary Judgment ("Order") as to the § 523(a)(2)(A) claim but denying it as to the (a)(2)(B) claim.[4] Its reasoning was brief, adopting in whole its analysis from the Albini Order and our *Zuckerman I* Opinion. It overruled Mr. Zuckerman's objections to Mr. Abel's declaration and sustained Mr. Abel's objections to part of Mr. Zuckerman's declaration.

The bankruptcy court entered judgment against Mr. Zuckerman, and Mr. Zuckerman timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(1) and (b)(2)(I). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Did the bankruptcy court err in granting Mr. Abel summary judgment on his § 523(a)(2)(A) claim based on the issue preclusive effect of

---

[4] Mr. Abel did not file a cross-appeal from the Order, so the bankruptcy court's decision as to the § 523(a)(2)(B) claim is final.

9

the State Court Judgment?

## STANDARDS OF REVIEW

We review de novo a bankruptcy court's decision to grant summary judgment and except a debt from discharge under § 523. *Black v. Bonnie Springs Family Ltd. P'Ship (In re Black)*, 487 B.R. 202, 210 (9th Cir. BAP 2013). Similarly, we review de novo whether an appellant's due process rights were violated. *DeLuca v. Seare (In re Seare)*, 515 B.R. 599, 615 (9th Cir. BAP 2014). We also review de novo the bankruptcy court's determination that issue preclusion was available. *In re Black*, 487 B.R. at 210.

"De novo review requires that we consider a matter anew, as if no decision had been made previously." *Francis v. Wallace (In re Francis)*, 505 B.R. 914, 917 (9th Cir. BAP 2014) (citations omitted).

If issue preclusion is available, we then review the application for an abuse of discretion. *In re Black*, 487 B.R. at 210. We also review for an abuse of discretion the bankruptcy court's evidentiary rulings. *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002).

Under the abuse of discretion standard, we reverse where the bankruptcy court applied the wrong legal standard, misapplied the correct legal standard, or made factual findings that are illogical, implausible, or without support in inferences that may be drawn from the facts in the record. *See TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011).

10

## DISCUSSION

We have already considered and rejected all of Mr. Zuckerman's arguments on appeal. We incorporate herein our *Zuckerman I* Opinion in full and address here some of the finer points stressed in this appeal.

### A.    Mr. Abel carried his burden of proof on summary judgment.

Mr. Zuckerman argues that Mr. Abel failed to carry his burden of production and burden of persuasion. Essentially, he argues that Mr. Abel did not offer facts and evidence to establish each element of § 523(a)(2)(A). We disagree.

Summary judgment is appropriate when the pleadings and supplemental materials show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See Scott v. Harris*, 550 U.S. 372, 380 (2007); Rule 7056. Substantive law identifies which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Only disputes over facts that might affect the outcome of the lawsuit may defeat a summary judgment motion. *Id.*

As we discuss below, Mr. Abel produced evidence that showed that the State Court Judgment was entered in his favor on actual fraud claims against Mr. Zuckerman after trial and that the judgment should be entitled to issue preclusive effect. Mr. Zuckerman did not challenge the evidence or produce any evidence that would create a genuine issue of material fact precluding summary judgment. Summary judgment was proper.

11

**B. The bankruptcy court did not err in granting the State Court Judgment issue preclusive effect.**

Mr. Zuckerman contends that it was error for the bankruptcy court to apply issue preclusion[5] to the State Court Judgment. Essentially, he seeks to relitigate issues already determined by the state court and repeatedly blames Mr. Garcia for leaving him "defenseless." We discern no error.

**1. There is an "identity of issues."**

We have already rejected Mr. Zuckerman's assertion that the issues are not identical because the elements of actual fraud under § 523(a)(2)(A) are narrower than intentional fraud under California law. *In re Zuckerman*, 613 B.R. at 714-15.

In this appeal, Mr. Zuckerman emphasizes that there was no identity of issues because the constructive fraud found by the state court differs from the fraud required by § 523(a)(2)(A). But Mr. Zuckerman is trying to collaterally attack the State Court Judgment and relitigate the factual issues decided in the State Court Action. The state court already determined that Mr. Zuckerman was the "central figure" in the land development scheme

---

[5] In California, issue preclusion prevents parties from re-litigating an issue where: (1) the issue is identical to that decided in a former proceeding; (2) the issue was actually litigated; (3) the issue was necessarily decided; (4) the decision in the former proceeding is final and on the merits; and (5) the party against whom preclusion is sought is the same as, or in privity with, the party to the former proceeding. *Lucido v. Super. Ct.*, 51 Cal. 3d 335, 341-43 (1990). Even if all five requirements are satisfied, its application must be consistent with the public policies of "preservation of the integrity of the judicial system, promotion of judicial economy, and protection of litigants from harassment by vexatious litigation . . . ." *Id.* at 343.

and that he made false representations to induce the Plaintiffs to invest in the scheme. We are in no position to question or effectively overturn the State Court Judgment. *See Lopez v. Emergency Serv. Restoration, Inc. (In re Lopez)*, 367 B.R. 99, 106 (9th Cir. BAP 2007). He should have sought relief in the state court, not the bankruptcy court.

Further, he argues that the operative complaint only asserted fraud claims against him based on vicarious or alter ego liability.[6] But paragraph 128 of the third amended complaint leveled a general allegation against all defendants, including Mr. Zuckerman: "Defendants, including plaintiffs' broker, . . . made oral and written misrepresentations to plaintiffs regarding the conditions and use of the Malibu properties that were the security for the loans made by plaintiffs." The state court found after trial that Mr. Zuckerman was the "central figure" and made misrepresentations to the Plaintiffs. Thus, the State Court Judgment was not based solely on vicarious or alter ego liability.

---

[6] Mr. Zuckerman's citations to cases that involve an underlying finding of constructive fraud do not help him. For example, in *Harmon v. Kobrin (In re Harmon)*, 250 F.3d 1240 (9th Cir. 2001), the appellee sought relief against multiple defendants in the state court under California Corporations Code § 15039, which permits liability for constructive fraud. In the present case, however, the state court did not find constructive fraud under partnership law but rather found, in a trial solely against Mr. Zuckerman, that he had made false representations. Similarly, in *Sachan v. Huh (In re Huh)*, 506 B.R. 257 (9th Cir. BAP 2014) (en banc), we concluded that issue preclusion was inappropriate where the principal did not have notice of the agent's acts and representations. But in the present case, even though the state court noted that Mr. Zuckerman was part of a "joint venture," it explicitly found that he was "central" to the fraudulent development project and made the misrepresentations at issue.

## 2. The issues were "actually litigated."

We similarly have rejected Mr. Zuckerman's position that the issues were not "actually litigated." *In re Zuckerman*, 613 B.R. at 715-18. In this appeal, Mr. Zuckerman repeats most of his arguments but stresses that it was improper to rely on the deemed admissions.[7] We disagree.

As we held previously, there is no reason to believe that the state court relied solely on the deemed admissions. But even if it did, we would discern no error. Under California law, a propounding party can "hit[ ] the jackpot" if the opposing party fails to respond to a request for admissions "covering the ultimate facts of the case . . . ." *Wilcox v. Birtwhistle*, 21 Cal. 4th 973, 982-83 (1999). Mr. Zuckerman's failure to respond to Mr. Abel's discovery requests had dire consequences: it resulted in Mr. Zuckerman conceding "the truth of specified matters of fact . . . or application of law to fact[,]" CCP § 2033.010, that were "conclusively established against the party making the admission in the pending action," CCP § 2033.410(a).

Mr. Zuckerman asserts that state law prohibited the bankruptcy court from relying on the deemed admissions. He cites CCP § 2033.410(b), which

---

[7] Additionally, Mr. Zuckerman protests that the state court record before the bankruptcy court was insufficient. Although he cites cases in which the court reviewed documents such as jury instructions and special verdict forms, such a review was not needed here. Mr. Abel needed only to introduce a "record sufficient to reveal the controlling facts and pinpoint the exact issues litigated in the prior action." *Kelly v. Okoye (In re Kelly)*, 182 B.R. 255, 258 (9th Cir. BAP 1995), *aff'd*, 100 F.3d 110 (9th Cir. 1996). Based on the circumstances of this case, a review of the record provided by Mr. Abel (including the State Court Judgment, transcript of the uncontested trial, and various sanctions orders) was sufficient for that purpose.

provides that:

> any admission made by a party under this section is binding only on that party and is made for the purpose of the pending action only. It is not an admission by that party for any other purpose, and it shall not be used in any manner against that party in any other proceeding.

Mr. Zuckerman mischaracterizes the use of the deemed admissions in these proceedings. The state court permissibly relied on the admissions in rendering the underlying State Court Judgment. The bankruptcy court did not rely on the admissions to enter the nondischargeability judgment; rather, it only noted that the state court had used the deemed admissions. *See Allis-Chalmers Corp. v. Super. Ct.*, 168 Cal. App. 3d 1155, 1159 (1985). To say that deemed admissions can be the basis for a judgment but then render the judgment invalid when the prevailing party later attempts to enforce the judgment in a separate proceeding is sophistry.

**3.     The State Court Judgment was final and on the merits.**

Mr. Zuckerman argues for the first time that the State Court Judgment is not a final judgment because the Plaintiffs sought or are seeking to amend it. We reject this argument.

First, he offers only a one-sentence conclusory statement with no specific facts or supporting citation to the record; he does not even definitely state whether the State Court Judgment has been amended. Second, he does not contest that, at the time the bankruptcy court issued its Order, the State Court Judgment was final. Third, it does not appear as

15

though he raised this argument in the bankruptcy court. We need not consider arguments raised for the first time on appeal. *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 992 (9th Cir. 2010).

**4.     The use of issue preclusion comports with public policy.**

Mr. Zuckerman argues that the State Court Judgment violated public policy because Mr. Garcia abandoned him at trial. We have roundly rejected this position. *In re Zuckerman*, 613 B.R. at 718-19.

As we explained in the *Zuckerman I* Opinion and our order denying rehearing, the record amply established that the "abandonment" was yet another delay tactic that wasted the court's and Mr. Abel's time and resources. Judicial economy supports the application of issue preclusion; to hold otherwise would encourage defendants to ignore discovery requests and trial with an aim to challenge an unfavorable decision later.

**C.     The bankruptcy court did not deny Mr. Zuckerman due process.**

Mr. Zuckerman additionally contends that we must reverse the nondischargeability judgment because the bankruptcy court denied him due process. But he focuses solely on his alleged deprivation of due process in the State Court Action and fails to identify any way that the bankruptcy court violated his due process rights.

As we explained, the state court properly afforded Mr. Zuckerman an opportunity to be heard. *In re Zuckerman*, 613 B.R. at 718-19.

Further, he only complains that the state court denied him due process and does not identify any way in which he was prevented in the

16

bankruptcy court from making his arguments; he vigorously opposed the Motion for Summary Judgment and was heard at the hearing on that motion. Our only task in this appeal is to determine whether the bankruptcy court erred, not to review the State Court Judgment.

**D.     The bankruptcy court's evidentiary rulings were not error.**

Finally, Mr. Zuckerman contends that the bankruptcy court erred in sustaining Mr. Abel's objections to a portion of his declaration, which would show that he did not make knowingly false statements with specific intent to deceive. We again discern no error.

Mr. Zuckerman again seeks to relitigate the State Court Judgment. The state court made factual findings as to his role in the land development scheme and determined that he was the "central figure" who made the representations. The bankruptcy court did not need to look behind the State Court Judgment to determine whether the reasoning was correct.

## CONCLUSION

For the reasons herein and as explained in our *Zuckerman I* Opinion, the bankruptcy court did not err in granting Mr. Abel summary judgment based on the issue preclusive effect of the State Court Judgment. We AFFIRM.